*In re* HANSEN

Docket No. 289903. Submitted June 2, 2009, at Lansing. Decided July 21, 2009, at 9:05 a.m.

The Department of Human Services petitioned the Manistee Circuit Court, Family Division, for the termination of Billy Joe Hansen's parental rights to Genevieve B. Hansen. The court, James M. Batzer, J., granted the petition on the basis of two statutory grounds, one of which, MCL 712A.19b(3)(h), was that the respondent is imprisoned for more than two years, has not provided for the child's proper care and custody, and there is no reasonable expectation that the respondent will be able to do so within a reasonable time considering the child's age. The respondent appealed.

The Court of Appeals *held*:

1. Under MCL 712A.19b(5), as amended by 2008 PA 199, effective July 11, 2008, a termination of parental rights may occur only if the court finds a statutory ground for termination and finds that the termination of parental rights is in the child's best interests. If the court so finds, termination is mandatory. In this case, the circuit court erred by applying a preamendment best-interests test that called for termination if there were grounds for termination unless the court found that termination was clearly not in the child's best interests.

2. The circuit court's error does not require reversal. Under MCR 2.613(A), a trial court's error in issuing a ruling or order, or an error in the proceedings, is not grounds for the Court of Appeals to reverse or otherwise disturb the judgment or order, unless the Court of Appeals believes that failure to do so would be inconsistent with substantial justice. Substantial justice is served by affirming the decision of the circuit court in this case. Although the circuit court did not affirmatively find that termination of the respondent's parental rights would be in the child's best interests, the record is replete with evidence that would justify that finding: the respondent has never had custody of the child; the child has been in the custody of her paternal aunt and uncle for all her life, save the first 15 days; no bond exists between the child and the respondent; the aunt and uncle wish to adopt the child and give

her permanence; there was evidence that termination would be in the child's best interests; and if termination were not ordered, the child could be returned to the respondent no earlier than the date of his earliest possible release from prison, when the child would be 13 years old. The child needs and deserves the permanency that termination of the respondent's parental rights and her subsequent adoption can give her.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — STATUTORY GROUNDS FOR TERMINATION — CHILDREN'S BEST INTERESTS.

A court may terminate parental rights only after finding a statutory ground for termination and finding that the termination of parental rights is in the child's best interests (MCL 712A.19b[5], as amended by 2008 PA 199).

*Ford K. Stone,* Prosecuting Attorney, and *Colin B. MacBeth,* Assistant Prosecuting Attorney, for the Department of Human Services.

*John R. Brakora* for Billy Joe Hansen.

Before: OWENS, P.J., and SERVITTO and GLEICHER, JJ.

OWENS, P.J. Respondent father, Billy Joe Hansen, appeals as of right the trial court order terminating his parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*) and (h). We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

Genevieve Hansen was born October 18, 2007, to Amber Teschler and respondent. Genevieve was Amber's seventh child. At the time of Genevieve's birth, Amber had previously lost custody, either temporarily or permanently, of her other six children. At the time of Genevieve's birth, respondent was Genevieve's putative father. He established paternity during the trial court proceedings.

Fifteen days after Genevieve's birth, Amber was arrested on drug charges. Respondent was unable to

care for Genevieve following her mother's arrest because he had been arrested three months earlier and was in jail awaiting trial on a number of felony traffic charges. Consequently, Amber suggested that Genevieve be placed with respondent's sister and brother-in-law, Kelly and Paul Woroniak, with whom she remains to this day.

Respondent subsequently pleaded guilty to two counts of operating a motor vehicle while intoxicated, thereby causing death, and was sentenced on June 12, 2008, to two consecutive terms of 7 to 15 years of imprisonment, with 309 days' credit. He remained in prison throughout these proceedings. His earliest release date is August 7, 2021, when Genevieve will be 13 years of age.

The initial petition seeking court jurisdiction of Genevieve and requesting termination of her mother's parental rights was submitted to the court on November 5, 2007. On December 12, 2007, petitioner, the Department of Human Services, withdrew the initial request for termination of the mother's parental rights and the mother entered a plea of admission to parts of the petition. A case plan was put into effect at the dispositional hearing on January 9, 2008. After some initial progress, Amber left the county, went to Mt. Clemens, Michigan, for a short period, and then moved to Ohio. Amber subsequently provided no verification of compliance with the case service plan and from June 12, 2008, until the termination hearing on December 16, 2008, had no contact with Genevieve. Following the termination hearing on December 16, 2008, the trial court terminated the parental rights of both parents. Amber has not appealed the termination of her parental rights.

Respondent's parental rights were terminated pursuant to MCL 712A.19b(3)(c)(*i*) (conditions that led to

the adjudication continue to exist and there is no reasonable likelihood they will be rectified in a reasonable time considering the child's age) and (h) (the parent is imprisoned for more than two years, has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to do so within a reasonable time considering the child's age). On appeal, respondent challenges the termination of his parental rights only under MCL 712A.19b(3)(h). He does not challenge the termination of his parental rights under MCL 712A.19b(3)(c)(*i*).

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination set forth in MCL 712A.19b(3) has been proven by clear and convincing evidence. *In re Sours Minors*, 459 Mich 624, 632-633; 593 NW2d 520 (1999). The trial court's decision to terminate parental rights is reviewed for clear error. MCR 3.977(J); *In re Trejo Minors*, 462 Mich 341, 355-357; 612 NW2d 407 (2000); *In re Sours Minors, supra* at 632-633. A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003); *In re Miller* 433 Mich 331, 337; 445 NW2d 161 (1989). Regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. MCR 2.613(C); *Miller, supra* at 337.

Although not challenged on appeal, the termination of respondent's parental rights was proper under MCL 712A.19b(3)(c)(*i*) because the conditions that led to the adjudication continue to exist and there is no reasonable likelihood that they will be rectified within a reasonable time. At the time of adjudication, respondent was imprisoned and could not care for Genevieve

while Amber was in jail, thus necessitating court involvement to provide for Genevieve's care and custody. At the time of the termination hearing, over 12 years remained of respondent's minimum sentence. Because of his lengthy prison sentence, respondent will not be able to provide proper care and custody for his child within a reasonable time. Thus, the termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) was proper.

The termination of respondent's parental rights was also proper under MCL 712A.19b(3)(h). Genevieve will be deprived of a normal home with respondent for a period far exceeding two years, because respondent's earliest release date is not until 2021, when Genevieve will be 13 years old. Also, respondent has not provided for her proper care and custody, nor is there any reasonable expectation that he will be able to do so within a reasonable time considering her tender age.[1]

Respondent does not contest the length of his future incarceration, but challenges termination under this ground on the basis that he provided proper care and custody of his child while he was incarcerated. The record does not support this assertion. Respondent was incarcerated on August 6, 2007, two months before Genevieve's birth. Because respondent has remained incarcerated, he has never directly provided care for the child. Moreover, the record does not support respondent's assertion that he provided proper care by facilitating the child's placement with his sister before the court's involvement. The petitioner, at Amber's suggestion, placed

---

[1] Even if termination were not proper under MCL 712A.19b(3)(h), we would find that a statutory ground had been proven because respondent did not contest the termination of his parental rights under MCL 712A.19b(3)(c)(*i*) on appeal. Only one statutory ground needs to be proven in order to terminate parental rights. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991).

Genevieve with respondent's sister and brother-in-law after Amber was arrested on drug charges. Other than the minimal financial support respondent provided his sister, there is no evidence that he has provided for the child's proper care and custody.

Finally, in the course of arguing that termination is not mandatory, even if a statutory ground for termination were proven, respondent briefly argues that the trial court erred by noting that no evidence had been offered that termination was contrary to the child's best interests rather than by affirmatively finding that termination was in the child's best interests, as required by MCL 712A.19b(5), as amended by 2008 PA 199, effective July 11, 2008. We agree that the trial court applied the wrong standard with regard to the best-interests issue.

Before July 11, 2008, MCL 712A.19b(5) read as follows:

> If the court finds that there are grounds for termination of parental rights, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made, unless the court finds that termination of parental rights to the child is clearly not in the child's best interests.

Interpreting that statute, we held in *In re Gazella*, 264 Mich App 668, 677; 692 NW2d 708 (2005), that when no party presents best-interests evidence, "[n]either the statute nor the court rule requires the court to make specific findings on the question of best interests, although trial courts usually do." However, that holding does not apply to any termination on or after July 11, 2008, because the Legislature amended subsection 5 to require an affirmative finding that termination of parental rights is in the child's best interests before the court may terminate parental rights. Therefore, under

the prior statute, the court was required to terminate parental rights once a statutory ground for termination was established by clear and convincing evidence, unless the court found that termination of parental rights was clearly not in the child's best interests. The lack of a finding that termination of parental rights would clearly not be in the child's best interests permitted (and required) termination once a statutory ground had been proven.

Since July 11, 2008, termination of parental rights may occur only if the court finds a statutory ground for termination *and* finds that the termination of parental rights is in the child's best interests. If the court so finds, termination is mandatory and not permissive ("[T]he court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b[5].). In the case of Genevieve Hansen, instead of applying the current statutory standard, the court stated that "there's been no showing made here today that it is contrary to the best interest of Genevieve Hansen and that Mr. Bill Hansen's rights should not be terminated. The record is silent to that."

While the court clearly erred in applying the wrong best-interests test, we conclude that the court's error does not require reversal under the facts of this case. First, respondent did not properly preserve the best-interests determination for appellate review by timely objection in the trial court, nor did he raise the issue in the statement of questions presented in his brief. "As a general rule, issues that are not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances." *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994). Furthermore, an issue is not preserved for appeal if it is not raised in

the appellant's statement of questions presented. *People v Yarbrough*, 183 Mich App 163, 165; 454 NW2d 419 (1990); *Marx v Dep't of Commerce*, 220 Mich App 66, 81; 558 NW2d 460 (1996). Respondent's statement of questions presented cites only the issue: "Was the termination of the parental rights of respondent, Billy Joe Hansen, proper, given that a relative placement was in place to provide for the proper care and custody of the minor child?" Notwithstanding respondent's failure to preserve and properly raise this issue, we elect to decide it. Although not properly set forth in the statement of questions presented, we will review an issue of law for which the record is factually sufficient. *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 632; 673 NW2d 111 (2003).

We find the error to be harmless. MCR 2.613(A) provides that a trial court's error in issuing a ruling or order, or an error in the proceedings, is not grounds for this Court to reverse or otherwise disturb the judgment or order, unless this Court believes that failure to do so would be inconsistent with substantial justice. In this case, we believe substantial justice is served by affirming the decision of the circuit court. Although the court did not affirmatively find that termination of respondent's parental rights would be in the child's best interests, the record is replete with evidence that would justify that finding, had the court applied the correct standard. Respondent has never had custody of the child; the child has been in the custody of her paternal aunt and uncle for all of her life, save the first 15 days; while there were a few in-jail visits when the child was very young, no bond exists between the child and respondent; the aunt and uncle wish to adopt the child and give her permanence; and, although there was no evidence offered in the termination hearing that termination of respondent's rights would be contrary to the

child's best interests, there was evidence admitted that termination would be in the child's best interests. Finally, if termination were not ordered, the child could be returned to respondent at age 13 at the soonest and, if he is not released at his earliest release date, the child could well be an adult before he is released. To live in limbo, wondering when she may be taken from the only family she has ever known and be placed with respondent when he is released, would be a substantial injustice to the child. She needs and deserves the permanency that termination of her parents' rights and her subsequent adoption can give her.

Affirmed.