# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BUSH/LYNN, Minors.

UNPUBLISHED
July 28, 2015

No. 324926
Calhoun Circuit Court
Family Division
LC No. 2013-002330-NA

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Respondent-mother appeals as of right the October 20, 2014 order terminating her parental rights to the minor children A.B., S.L., and I.L. under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions of adjudication), (g) (failure to provide proper care and custody), and (j) (children will be harmed if returned to parent). For the reasons set forth in this opinion, we affirm.

Respondent first argues that the trial court did not have proper jurisdiction over the children. Respondent is precluded from raising this argument on appeal. Though the trial court is required to find that a statutory basis for jurisdiction has been established by a preponderance of the evidence in order to properly exercise jurisdiction, *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004), "[m]atters affecting the court's exercise of its jurisdiction may be challenged only on direct appeal of the jurisdictional decision, not by collateral attack in a subsequent appeal of an order terminating parental rights," *In re Gazella*, 264 Mich App 668, 679; 692 NW2d 708 (2005), superseded in part by statute as stated in *In re Hanson*, 285 Mich App 158; 774 NW2d 698 (2009). Respondent failed to appeal the adjudicatory order in which the trial court assumed jurisdiction over the children. Instead, respondent appealed the order terminating her parental rights. Accordingly, respondent is precluded from challenging the trial court's assumption of jurisdiction in this appeal.

Next, respondent argues that the Department of Human Services (DHS) failed to undertake reasonable efforts toward reunification of respondent and the children. In this case, respondent did not timely "object or indicate that the services provided to [her] were somehow inadequate." *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). "The time for asserting the need for accommodation in services is when the court adopts a service plan." *Id.*, quoting *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000). Respondent did not raise any concern regarding the adequacy of the services provided to her until the termination hearing. Thus, this issue is unpreserved, see *id.*, and we review for plain error affecting respondent's

-1-

substantial rights, see *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation and citation omitted).

When a child is removed from his or her parent's custody, the petitioner "must make reasonable efforts to rectify the conditions that cause the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009); see also MCL 712A.19a(2). Though the petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondent[] to participate in the services that are offered." *Frey*, 297 Mich App at 248. Here, respondent moved to Florida approximately seven months after the children were removed from her care. Before moving to Florida, respondent missed the majority of her parenting time visits, missed five scheduled psychological examinations, and was noncompliant with drug screening. Respondent's parenting time was suspended during the proceeding until she had two clean drug screens and completed a psychological examination. Her parenting time remained suspended throughout the rest of the proceeding because she never accomplished the requirements. Although respondent received fewer attempts at services through DHS after she moved to Florida, nothing in the record supports that respondent would have participated in the services if offered to her based on her minimal compliance with the services offered in Michigan. Further, respondent failed to comply with many of DHS's requests for documentation after she moved, which initially would have helped Michigan's DHS establish services. Respondent had a "commensurate responsibility" to participate in the services offered. *Id.* Therefore, we find no plain error affecting respondent's substantial rights with respect to the trial court's finding of reasonable efforts. See *VanDalen*, 293 Mich App at 135.

Respondent next argues that the trial court erroneously found statutory grounds to terminate her parental rights. The trial court must find that at least one of the statutory grounds in MCL 712A.19b(3) has been met by clear and convincing evidence in order to terminate parental rights. *Id.* at 139. We review the trial court's decision for clear error. *Id.* A finding is clearly erroneous if it leaves us with a definite and firm conviction that a mistake has been made. *HRC*, 286 Mich App at 459.

Here, the trial court properly terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(j), which provides that a trial court may terminate parental rights when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

The record evidence established that there was a reasonable likelihood that the children would be harmed if returned to respondent. Respondent was ordered to comply with and benefit from the case service plan. However, she hardly participated in any services offered to her throughout the proceeding. Respondent failed to participate in drug screening and failed to complete a psychological examination, even when her parenting time was conditioned upon her completion of those services. Although respondent started to participate in some services concerning substance abuse near the end of the proceeding, there is no indication that she benefitted from these services. Thus, respondent's failure to comply with and benefit from her services "is evidence that return of the child[ren] . . . may cause a substantial risk of harm to [their lives], physical health, or mental well being." *In re Trejo*, 462 Mich 341, 346 n 3; 612 NW2d 407 (2000). Therefore, the trial court did not commit clear error in terminating

-2-

respondent's parental rights pursuant to MCL 712A.19b(3)(j). Because we have concluded that at least one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision. *HRC*, 286 Mich App at 461.

Lastly, respondent argues that the trial court clearly erred by finding it was in the best interests of the children to terminate her parental rights. The trial court must find by a preponderance of the evidence that termination is in the children's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's decision for clear error. *HRC*, 286 Mich App at 459. Factors to be considered include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

Although the record established that the children were bonded to respondent, the children's need for permanency and stability outweighed the bond between parent and child. See *In re LE*, 278 Mich App 1, 29-30; 747 NW2d 883 (2008). At the time of the termination hearing, the children had not seen respondent in more than a year. Because of respondent's failure to participate in services offered to her throughout the case, there was no indication that respondent would be able to provide permanency and stability to the children in the foreseeable future. See *Frey*, 297 Mich App at 248-249. Moreover, the children were doing well in foster care, making progress through counseling, and doing well in school. Though the foster care placement was not a pre-adoptive placement, there was a pre-adoptive home with a relative, who was willing to adopt all three children. Contrary to respondent's argument on appeal, nothing in the record supports that respondent would be able to provide proper care for the children before the time they would be adopted. Therefore, the trial court did not clearly err in finding that it was in the best interests of the children to terminate respondent's parental rights.

Affirmed.

/s/ David H. Sawyer
/s/ Pam M. Donofrio
/s/ Stephen L. Borrello