# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SM HOLLEY, Minor.

UNPUBLISHED
October 27, 2015

No. 324735
Oakland Circuit Court
Family Division
LC No. 14-821795-NA

*In re* SM HOLLEY, Minor.

No. 324736
Oakland Circuit Court
Family Division
LC No. 14-821795-NA

Before: BORRELLO, P.J., and JANSEN and OWENS, JJ.

PER CURIAM.

In these consolidated appeals, respondents appeal as of right from the order terminating their parental rights to the minor child under MCL 712A.19b(3)(f) (child has a guardian and the parent, despite having the ability to do so, fails to support or contact the child for a period of two years or more), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood child will be harmed if returned to parent's home), and terminating respondent mother's parental rights under MCL 712A.19b(3)(h) (imprisonment for more than two years). We affirm.

## I. ADJUDICATION

This case arises from the termination of respondents' parental rights. Petitioners are respondent father's brother and sister-in-law. They are also the minor child's guardians. Respondent father first argues that the trial court erred because it failed to find by a preponderance of the evidence that one or more of the statutory grounds for jurisdiction over the child under MCL 712A.2(b) was established. We disagree.

In order for the court to find that jurisdiction over a child is proper, the court must find by a preponderance of the evidence that at least one statutory ground for jurisdiction under MCL 712A.2(b) exists. See MCR 3.972(C)(1). We review a trial court's findings of fact in a termination of parental rights case for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*.

-1-

"Child protective proceedings have long been divided into two distinct phases: the adjudicative phase and the dispositional phase." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). In the adjudicative phase, which occurs first, the trial court determines whether it may exercise jurisdiction over the child because the child comes within MCL 712A.2(b). *Id*. "During the adjudicative phase, a trial may be held to determine whether any of the statutory grounds alleged in the petition have been proven." *Id*. The rules of evidence apply, the respondent is entitled to have a jury determine the facts, and the standard of proof is a preponderance of the evidence. *Id*. "After the trial, 'the verdict must be whether one or more of the statutory grounds alleged in the petition have been proven.' " *Id*., quoting MCR 3.972(E). During the dispositional phase, the court determines what action it will take on behalf of the child. *AMAC*, 269 Mich App at 537. The respondent is not entitled to a jury determination during the dispositional hearing, and the rules of evidence do not apply. *Id*. "If permanent termination of parental rights is sought, the petitioner bears the burden of proving the statutory basis for termination by clear and convincing evidence." *Id*. The dispositional hearing may be held immediately after trial, and the time interval between the trial and dispositional hearing is at the discretion of the court, though the interval may not be more than 28 days without good cause. See MCR 3.973(B) and (C).

In this case, the trial court ordered termination of respondents' parental rights at the initial disposition hearing. In order for this to occur, several conditions must be met, including:

> (1) the original, or amended, petition contains a request for termination;

> (2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;

> (3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:

> (a) are true, and

> (b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (*l*), (m), or (n);

> (4) termination of parental rights is in the child's best interests. [MCR 3.977(E).]

Petitioners filed an initial petition to terminate respondents' parental rights, alleging MCL 712A.2(b)(5)[1] as one of the statutory grounds for jurisdiction. During the preliminary hearing,

---

[1] The statutory ground that was formerly codified under MCL 712A.2(b)(5) is now codified under MCL 712A.2(b)(6). See 2014 PA 342.

the referee found that jurisdiction was appropriate under the statutory ground and stated that the petition should be authorized. The trial court discussed during pretrial that trial would occur over at two-day period. The trial court properly held a combined adjudicatory/dispositional trial. See MCR 3.973(B) and (C). During the combined trial, the trial court did not make specific findings of fact with regard to adjudication. Instead, the trial court made findings of fact with regard to the statutory grounds for termination and the best interests of the child. However, the statutory ground for jurisdiction, which is now codified under MCL 712A.2(b)(6), is identical to the statutory ground for termination under MCL 712A.19b(3)(f). MCL 712A.2(b)(6) provides that jurisdiction is appropriate under the following circumstances:

> If the juvenile has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and the juvenile's parent meets both of the following criteria:
>
> (A) The parent, having the ability to support or assist in supporting the juvenile, has failed or neglected, without good cause, to provide regular and substantial support for the juvenile for 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for 2 years or more before the filing of the petition.
>
> (B) The parent, having the ability to visit, contact, or communicate with the juvenile, has regularly and substantially failed or neglected, without good cause, to do so for 2 years or more before the filing of the petition.

MCL 712A.19b(3)(f) provides that a trial court may terminate a respondent's parental rights if the court finds by clear and convincing evidence that

> [t]he child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:
>
> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.
>
> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

Thus, the statutory ground for jurisdiction is identical to the statutory ground for termination. See MCL 712A.2(b)(6); MCL 712A.19b(3)(f). The only difference between statutory ground for jurisdiction and the statutory ground for termination is that the statutory ground for termination must be proven by clear and convincing evidence. See MCL 712A.2(b)(6); MCL 712A.19b(3)(f).

The trial court made specific findings of fact with regard to MCL 712A.19b(3)(f) and determined by clear and convincing evidence that termination was proper under MCL 712A.19b(3)(f). As discussed in further detail below, the trial court properly found that the statutory ground in MCL 712A.19b(3)(f) was proven with regard to both respondents. Therefore, to the extent that the trial court erred in failing to articulate the statutory ground for jurisdiction on the record, the error was harmless since the court found that the same circumstances existed by a higher standard of proof. See MCR 3.972(E); *In re Williams*, 286 Mich App 253, 273; 779 NW2d 286 (2009) (applying a harmless-error analysis in a termination case). In addition, the order terminating respondents' parental rights stated, "An adjudication was held and the child(ren) was/were found to come within the jurisdiction of the court." It is well settled that a trial court speaks through its written orders. *In re Gazella*, 264 Mich App 668, 677; 692 NW2d 708 (2005), superseded by statute on other grounds as stated in *In re Hansen*, 285 Mich App 158, 163; 774 NW2d 698 (2009), vacated on other grounds 486 Mich 1037 (2010). Therefore, the trial court substantially complied with the requirements in MCR 3.977(E) during the combined trial and through its written order. See MCR 3.977(E); *AMAC*, 269 Mich App at 537-538.[2]

## II. STATUTORY GROUNDS

Respondents both argue that the trial court erred in finding by clear and convincing evidence that statutory grounds existed to terminate their parental rights. We agree that the trial court erred in terminating respondent mother's parental rights under MCL 712A.19b(3)(h) and respondent father's parental rights under MCL 712A.19b(3)(g) and (j), but disagree that the court erred in terminating respondent mother's parental rights under MCL 712A.19b(3)(g) and (j) and in terminating the parental rights of both respondents under MCL 712A.19b(3)(f).

We review the trial court's findings of fact and ultimate decision regarding the statutory grounds for termination for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710.

### A. MCL 712A.19b(3)(f)

The trial court terminated respondents' parental rights under MCL 712A.19b(3)(f), (g), and (j), and also terminated respondent mother's parental rights under MCL 712A.19b(3)(h). MCL 712A.19b(3) provides, in part:

---

[2] We note that respondent father does not explicitly argue that his constitutional rights were violated with regard to this issue. However, to the extent that respondent father implicitly argues that the trial court violated his due-process rights, respondent father's argument fails since, as discussed above, there was an adjudication of his unfitness. See *In re Sanders*, 495 Mich 394, 422; 852 NW2d 524 (2014) (noting that a parent must be adjudicated unfit before the state can infringe on his right to the care, custody, and control of the minor child).

The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8102, and both of the following have occurred:

(*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

(*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

(h) The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The court properly found that termination was proper under MCL 712A.19b(3)(f). During the two years preceding the petition to terminate parental rights, both parents failed, without good cause, to provide regular and substantial support to the child. Respondent father provided no support and respondent mother only sent $50 to the child before the termination proceedings. Respondent mother had a child support order requiring payments of $216 per month and an arrearage of over $6,000. Although respondent mother was incarcerated, an incarcerated parent retains the ability to comply with statutory requirements to support and contact the child. See *In re Caldwell*, 228 Mich App 116, 121; 576 NW2d 724 (1998) (construing MCL 710.51(6)). Respondent mother apparently did not challenge her support

-5-

order. Respondent father did not have good cause for why he failed to support the child. He had no physical or mental ailment preventing him from working longer hours. He worked 15 to 20 hours a week, and chose not to send petitioners money because he thought they could afford to pay for the child's care themselves. Therefore, there was clear and convincing evidence that both parents failed or neglected, without good cause, to provide regular and substantial support for the minor child for a period of two years. See MCL 712A.19b(3)(f)(*i*).

There was also clear and convincing evidence that both respondents failed, without good cause, to contact, visit, or communicate regularly with the child during the two years preceding the petition. Respondent mother was incarcerated for most of the time the child was in care, but retained the ability to send cards and letters and make telephone calls. She only sent one birthday card to the minor child after parenting time was suspended. Additionally, respondent mother only had four telephone conversations with the minor child during the guardianship. There was evidence that respondent mother did not call the child regularly and only began calling regularly after parenting time was suspended following the pretrial hearing. Therefore, the trial court properly found that respondent mother failed, without good cause, to communicate regularly with the child. See MCL 712A.19b(3)(f)(*ii*).

Further, respondent father had the ability to visit at all times, but saw his daughter only two times in the two years preceding the termination petition. Both visits were at a family Christmas party. Respondent father explained that he did not travel to petitioners' home to visit the minor child because it is a 2 ½ hour drive to petitioners' home, and he would only be able to spend two hours with his daughter. Respondent father also failed to send the minor child gifts at petitioner's house. There was also testimony that respondent father stopped attending family events that petitioners and the minor child attended. Respondent father also failed to attend counseling sessions despite the recommendation of the child's psychologist. In spite of the fact that respondent father told petitioners that he would call the child every night and visit her every other weekend, respondent father failed to call the child on a regular basis, and the cellular phone records that were admitted into evidence indicated that respondent father called only twice during the guardianship. Therefore, MCL 712A.19b(3)(f)(*ii*) was established with regard to respondent father since respondent father had the ability to visit, contact, or communicate with the minor and regularly and substantially failed, without good cause, to do so for a period of two years before the filing of the petition. See MCL 712A.19b(3)(f)(*ii*). Thus, there was clear and convincing evidence that termination of both of respondents' parental rights was proper under MCL 712A.19b(3)(f).

## B. MCL 712A.19b(3)(g)

The court properly determined that termination of respondent mother's parental rights was proper under MCL 712A.19b(3)(g). Respondent mother cared for the minor child for the first five years of the child's life. There was evidence that the child was neglected and abused during the five years. Respondent father testified that the child smelled bad and was forced to drink sour milk in respondent mother's care. There was evidence presented at the termination hearings that child received cigarette burns and experienced a sexual assault by a friend of one of her siblings while in respondent mother's care. Thus, there was evidence in the record indicating that respondent mother failed to provide proper care and custody of the minor child while the minor child was in her care. See MCL 712A.19b(3)(g).

In addition, respondent mother did not provide proper care and custody through relatives. Although respondent mother participated in the guardianship proceedings, she had already lost physical custody of the minor child before the guardianship was established. The child was placed in the care of respondent father, who discussed the issue with his relatives and initiated the guardianship proceedings. Respondent mother did not partake in establishing the proper care and custody through placement with a relative, and, instead, merely acquiesced to the guardianship during the guardianship proceeding. Therefore, there was clear and convincing evidence that respondent mother failed to provide proper care and custody of the minor child. See MCL 712A.19b(3)(g); *In re Mason*, 486 Mich 142, 161 n 11; 782 NW2d 747 (2010) (noting that a parent may provide proper care and custody through a relative). In addition, there was no indication that respondent mother would be able to provide proper care within a reasonable time considering the child's age. There was no indication in the record that respondent mother rectified the conditions that caused her to lose custody of the minor child or that she would do so within a reasonable time. See MCL 712A.19b(3)(g). Therefore, the trial court properly found that MCL 712A.19b(3)(g) was established with regard to respondent mother. See *id*.

Respondent father claims that the court made findings only with regard to respondent mother concerning MCL 712A.19b(3)(g). This claim is without merit. The court clearly spoke to both respondents concerning MCL 712A.19b(3)(g), stating that its findings were "for mom and dad." The court found that respondent father waited three years to file for custody while being aware that the child was in a "really bad environment with mom." But once respondent father obtained custody, he "dumped her off" and allowed her to spend two weeks at a time with her brothers' foster family and then two weeks with respondent father's mother. The court found that the child was "clearly neglected" when she came into petitioners' life. Thus, the trial court's findings were directed at respondent father with regard to MCL 712A.19b(3)(g).

However, the court erred when it found that MCL 712A.19b(3)(g) applied with regard to respondent father since respondent father appointed petitioners as guardians for the minor child when it became clear that he could not adequately care for her himself. There is ample evidence in the record that petitioners provided proper care and custody of the minor child. Respondent father was permitted to achieve proper care and custody through placement with a relative. See *Mason*, 486 Mich at 161 n 11. Therefore, the trial court erred in finding that MCL 712A.19b(3)(g) applied with regard to respondent father. See MCL 712A.19b(3)(g); *Mason*, 486 Mich at 161 n 11. Regardless, the error was harmless since only one statutory ground must be proven for each respondent. See *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009). Here, MCL 712A.19b(3)(f) was proven with regard to both respondents. Therefore, the error was harmless. See *id*.

C. MCL 712A.19b(3)(j)

There was clear and convincing evidence to support the trial court's determination that termination was proper with regard to respondent mother under MCL 712A.19b(3)(j). The court noted that respondent mother had a felony record and that the minor child received cigarette burns in her care. There was clear and convincing evidence that the child would be harmed if she lived with respondent mother upon respondent mother's release from prison. See *Mason*, 486 Mich at 165. Respondent mother abused Xanax before she went to prison and admitted at the hearing that she did not deal with her substance abuse issue in spite of the fact that she

engaged in substance abuse treatment programs. Additionally, there was evidence that the child received cigarette burns on her head and finger under respondent mother's care. The child told her psychologist that she had experienced abuse and neglect while living with respondent mother. No indication exists that respondent mother rectified the conditions that led to the neglect or would rectify the conditions once she was released from prison. Therefore, there was a reasonable likelihood that the child would be harmed if returned to respondent mother's care. See MCL 712A.19b(3)(j).[3]

However, the court erred in finding that MCL 712A.19b(3)(j) applied with regard to respondent father without making findings of fact and conclusions of law on the record. The trial court must state on the record or in writing its findings of fact and its conclusions of law during a termination hearing. See MCL 712A.19b(1); MCR 3.977(I)(1). The trial court in this case erred because it failed to make findings of fact with regard to respondent father under MCL 712A.19b(3)(j). See MCL 712A.19b(1); MCR 3.977(I)(1). Furthermore, petitioners also failed to present clear and convincing that MCL 712A.19b(3)(j) was satisfied with regard to respondent father. Respondent father maintained the same job for six to eight months and was able to pay his bills with the help of his fiancé. He paid rent on a home, which contained a bedroom for the minor child. There was no indication that respondent father had any problems relating to physical abuse or substance abuse. Respondent father did threaten to cut off all contact between the minor child and petitioners if the child were returned to him, but there was a lack of evidence at the terminating hearing regarding whether the child would suffer emotional harm if respondent father cut off contact with petitioners and their families once the minor child returned to the care of respondent father. See *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011) (finding that there was a reasonable likelihood that the children would suffer emotional harm if returned to the respondent when the respondent had sexual intercourse with one of her minor children). Therefore, the trial court erred in terminating respondent father's parental rights under MCL 712A.19b(3)(j). As noted above, however, the error was harmless since MCL 712A.19b(3)(f) applied with regard to respondent father. See *Foster*, 285 Mich App at 633.

### D. MCL 712A.19b(3)(h)

Regarding MCL 712A.19b(3)(h), clear and convincing evidence did not support termination of respondent mother's parental rights. MCL 712A.19b(3)(h) requires that (1) the child will be deprived of a normal home for over two years, (2) the incarcerated parent has not provided for the child's proper care and custody, and (3) there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age. *Mason*, 486 Mich at 160-161. Petitioners contend that MCL 712A.19b(3)(h) was satisfied because respondent mother probably will not be released within the two-year time frame. However, respondent mother testified that it was very likely that she will be released on March 9, 2016, which is less than two years after the termination hearing. She testified that she

---

[3] We note that the trial court did not consider respondent mother's felony history alone as the justification for termination under MCL 712A.19b(3)(j). See *Mason*, 486 Mich at 165 (noting that a criminal history *alone* does not justify termination under MCL 712A.19b(3)(j)).

was staying out of trouble and enrolling in all of the recommended programs. The two-year period under MCL 712A.19b(3)(h) is prospective and is not to be computed from the time the child is removed. *Mason*, 486 Mich at 161 n 12 (noting that "the trial court must consider 'whether the imprisonment will deprive a child of a normal home for two years in the future, and not whether past incarceration has already deprived the child of a normal home.' ") (citation omitted). Furthermore, the Michigan Supreme Court in *Mason* clarified that a "normal home" can be with a relative, which is the case here. *Id*. at 160-161. Thus, MCL 712A.19b(3)(h) was not proven by clear and convincing evidence. See MCL 712A.19b(3)(h). However, the trial court's error in terminating respondent mother's parental rights under MCL 712A.19b(3)(h) was harmless since MCL 712A.19b(3)(f), (g), and (j) were proven with regard to respondent mother. See *Foster*, 285 Mich App at 633. Therefore, although the trial court made several errors with regard to the statutory grounds for termination, the errors were harmless. See *id*.

### III. BEST INTERESTS

Respondents next argue that the trial court erred in finding by a preponderance of the evidence that termination of their parental rights was in the best interests of the child. We disagree.

"The trial court must order the parent's rights terminated if the [petitioner] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the [child's] best interests." *In re White*, 303 Mich App at 713. We review a trial court's determination regarding the best interests of the child for clear error. *Id*.

A trial court must weigh all of the evidence to determine whether termination is in the best interests of the child. *In re White*, 303 Mich App at 713. "To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' " *Id*. (citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the [child's] well-being while in care, and the possibility of adoption." *Id*. at 714.

The evidence supported the court's finding that termination of both of respondents' parental rights was in the child's best interests. Although respondent father was renting a home and had the same job for eight months before the hearing, he lacked stable employment and housing for most of the child's life. There was also evidence that respondent father's plan to cut the child's relatives out of her life would cause the child to suffer from depression and anxiety. Previously, the child was transferred from relative to relative while in her father's care. Respondent father had not had enough of a presence in her life before or during the guardianship, and the child was sad when he did not come to visit her at a family gathering. When given the opportunity to become involved in her counseling, he refused. He also failed to visit with the child and talk with her on the telephone on a regular basis.

As for respondent mother, she was incarcerated for most of all of the guardianship. Before that, she had substance abuse issues and a long criminal history. The child informed her psychologist when she first began therapy that she did not miss her mother. Although there was evidence that the child had a bond with respondent mother, respondent mother did not try to maintain the bond by sending cards or letters, and the court did not believe testimony from both respondents that petitioners prevented telephone contact with the child. Furthermore, respondent mother had not talked with the child on the phone since June 2013.

In contrast, the child was doing very well in care and had a strong bond with petitioners. The child's behavior in school improved under the guardianship, and she was involved in several extracurricular activities. The child's psychologist testified that the child made improvements during her guardianship. At first, the child suffered from anxiety and depression when she first began treatment in July 2012. She also had frequent nightmares. However, the child did not suffer from anxiety and depression at the time of the termination hearings. According to the child's psychologist, the child was very happy. She loved petitioners' daughter and was not jealous of her. The child thought of petitioners' home as her home. The psychologist testified that it would be detrimental to the permanency and stability of the child if she were moved anywhere else. She emphasized that the child needs to stay with petitioners "for the permanency and her self-esteem, contentment." According to the psychologist, a change in placement would result in "very strong depression, anxiety, probably acting out in school." The psychologist opined that it was in the best interests of the child to remain with petitioners. Petitioners planned to adopt the child if respondents' parental rights were terminated. Therefore, the child was doing well in care, and there were advantages of petitioner's home. See *In re White*, 303 Mich App at 713-714. Thus, the court did not err in finding that termination was in the best interests of the child. See *id*.

Respondent mother argues that the court did not consider relative placement as weighing against termination of her parental rights. The court is required to explicitly consider this factor and weigh it against termination. MCL 712A.19a(6); *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012). Here, the trial judge stated, "I'm terminating your rights even though this is a relative placement. She's been with your relatives, dad." Later, the trial judge said, "So, it's clear that it's best interest [sic] it's not even close even though she's placed as [sic] the guardianship with your brother." Thus, the court considered the fact that the child was placed with relatives and recognized that the placement with relatives weighs against termination when it noted that it was terminating respondents' parental rights in spite of the fact that there was a relative placement. See *Olive/Metts*, 297 Mich App at 43. Further, the court was speaking to both parents with regard to its first statement, which indicates that the court considered that the child was placed with relatives as weighing against termination of respondent mother's parental

rights. See *id*. Thus, the record does not support respondent mother's argument that the court followed *Olive/Metts* only with regard to respondent father. See *id*.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Donald S. Owens